IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:04CR164 |
| v. | ) | |
| PEDRO MORALES, | ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

Pedro Morales asks me to reconsider the denial of his § 2255 motion. I have done so.

On this limited record, I agree with Morales that (despite the long and suspicious delay) the prison mailbox rule applies in this case because his original motion was dated within the statute of limitations period *and* because the motion was signed under penalty of perjury. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir.1999) (motion to vacate sentence was timely filed under prison mailbox rule when signed under penalty of perjury one day prior to expiration of one-year filing deadline under Antiterrorism and Effective Death Penalty Act, indicating that it was timely delivered to prison mail room employees, even though not accompanied by certificate of service). Nonetheless, the second reason for the dismissal was that Morales' ineffective assistance of counsel claim (predicated on Rule 6 of the Federal Rules of Criminal Procedure) had no merit. That decision remains correct and no further elaboration of that decision is necessary. (*See* filing no. 383.)

IT IS ORDERED that:

1. The motion for reconsideration (filing no. 385) is granted in part and denied in part as provided below.

2. There is an insufficient basis for concluding that defendant's § 2255 motion was untimely, but, for the second reason expressed in the original decision, that motion had no merit. Morales is not entitled to relief.

DATED this 21st day of October, 2011.

BY THE COURT:
*Richard G. Kopf*
United States District Judge